*Filed in Open Court*
*9/3/08 NMF*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> JAMIR RICHARDSON, <br>     Defendant. | : <br> : <br> : <br> :     Criminal Action No. 08-92-2-SLR <br> : <br> : <br> : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Jamir Richardson, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a one-count Information. Count One of the Information charges the defendant with uttering a forged United States Treasury check, in violation of Title 18, United States Code, Section 510(a)(2), which carries a maximum penalty of up to 10 years of imprisonment, a $250,000 fine, or both, up to 3 years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is: (1) the Defendant uttered or attempted to pass and circulate as true and genuine United States Treasury checks having a face value of more than $1,000; (2) the Defendant did so with knowledge that the payee's endorsement on the check was a forgery; and (3) the Defendant acted willfully and with intent to defraud the United States.

3. In accordance with this agreement, the defendant knowingly, voluntarily, and

intelligently admits the following facts: (a) between September 19, 2006 and November 27, 2006, the defendant deposited or attempted to deposit fifteen stolen United States Treasury checks each with a face value of over $1000; (b) knowing that the payee's endorsement on each check was a forgery; (c) the defendant did so willfully with the intent to defraud the United States; and (d) the total value of the checks was $37,673.

4.  The parties stipulate and agree that, based on information known to date, that the government's evidence is sufficient to prove that the loss resulting from the defendant's offense conduct and the conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") 2B1.3(a)(2) (relevant conduct) is greater than $30,000 but less than $70,000, pursuant to U.S.S.G. Section 2B1.1(b)(1)(D) of the November 1, 2006, U.S. Sentencing Guidelines Manual.  Accordingly, the parties agree that, before any other adjustments, the defendant's offense level is 12.

5.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the applicable mandatory minimum penalties and the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, pursuant to Sentencing Guideline Section 3E1.1.

7. The defendant agrees to pay the $100 special assessment the day of sentencing.

8. The defendant agrees that he is joint and severally liable for payment of restitution in the amount of at least $37,673.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

*[signature]*
Keir Bradford, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: *[signature]* for I-ANN F.SENSTEIN
Ilana H. Eisenstein
Assistant United States Attorney

*[signature]*
Jamir Richardson
Defendant

Dated:

AND NOW, this 3d day of September, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

*[signature]*
HONORABLE
UNITED STATES DISTRICT JUDGE

3